Thank you, Your Honor. May it please the Court. Section 74.351 of the Texas Civil Practice and Remedies Code requires a plaintiff in a health care liability claim to serve an expert report supporting the allegations of breach of standard of care and causation within 120 days after the filing of the defendant's answer. If an expert report meeting the requirements of the statute is not filed, the statute mandates dismissal with prejudice of the complaint. The primary issue in this case is whether this statute, which the Texas legislature itself described as one of the, quote, procedural provisions, close quote, of the Texas Medical Liability Act, applies in federal court. Despite what it acknowledged to be a plethora, that's the Court's term, of district court opinions holding that the statute is a procedural provision that does not apply in federal court, the district court ruled that the statute applies and dismissed the case with prejudice because such a report was not filed. We submit that the district court's ruling contravenes U.S. Supreme Court precedent on the applicability of state procedural statutes in federal court, and we urge the Court to adopt the reasoning of the many district courts that have considered this issue, this precise issue, and found that section 74.351 conflicts with the federal rules of civil procedure and impinges on the ability of federal district courts to control their dockets. The district court's order should be reversed, and this case remanded for consideration of the merits. In the 2010 case of Shady Grove Orthopedic Associates v. Allstate, the U.S. Supreme Court ruled that a New York statute prohibiting the use of class actions to enforce statutory penalties conflicted with the permissive scope of Rule 23, and this could not be applied in federal court. Similarly, a few decades before, in a case called Burlington Northern Railroad v. Woods, the Supreme Court held that an Alabama statute imposing a mandatory 10 percent penalty for an unsuccessful appeal of a money judgment could not be applied. The problem in the case is the Texas rule has procedural aspects and it has substantive aspects. It's, you know, it's got, it has a dual purpose. We don't have a purely procedural rule and we don't have a purely substantive rule. So what case deals with something like that? Well, I want to quote from the Burlington Northern case that I just cited. The Court said the test is not whether the rule affects a litigant's substantive rights. Most procedural rules do. But whether it governs the manner and means by which it was enforced. And clearly the statute, the Texas statute in question, governs the manner and means in which the right to either claim, make a health care liability claim or defend a health care liability claim. Well, it certainly does that, but also it tells the plaintiff you either put up or you're out early in the game. And the fact that it allows the court to dismiss a suit is about as substantive as you can get, isn't it? Well, not, no, Your Honor. I disagree that it's substantive. I don't think the Texas legislature has the authority to tell Federal courts how to manage their dockets and how to control their practice. The Texas, the statute conflicts with multiple Federal rules that allow a district court, a Federal district court, discretion in managing its docket. We specify some of them in our brief. Rule 16, which is the rule authorizing the entry of a scheduling order. Rule 26, which controls the pacing of discovery and the disclosure of expert reports. And Rule 37, which deals with sanctioning, sanctions available for improper behavior, improper conduct and litigation. All of those rules allow the district court discretion, which the statute, the Texas statute does not provide. I don't disagree with that, but none of those statutes give a district, Federal district court the right to just weed out a non-meritorious claim, which this Texas rule does. Well, Rule 11 provides that, and that, too, is a discretionary rule that the Federal courts can follow. So, to the extent that, I mean, if you're focusing on the purpose of the statute, which, and I will say Judge Scalia's plurality opinion in the Shady Grove case says you shouldn't do or you shouldn't pay that much attention. You look at the Federal rule and see what interests are protected by that. But if you do look at the purpose of the statute, it's, that purpose is served by Federal Rule 11. So there's no need for the application of the Texas statute. Well, that's the leading rule, isn't it, Rule 11? Yes, it is, Your Honor, as well as Rule 8. And if you just look at the context of this case, and part of the confusion, and I understand, it's easy to say you apply procedural rules, you don't know, or you apply substantive law in the State, but you don't apply the procedure. The difficulty is in determining which is which. And I understand that. But look at this case. The way the motion was phrased, it was a motion to dismiss, but it was a motion to dismiss filed after the answer was filed, which Rule 12 says you can't do. So the question is, is this, you know, what animal is this dismissal in Federal court? And I think that supports our argument that this case is governed by procedural rules of the Federal Rules of Civil Procedure. As we point out in the briefs, and as we pointed out below, there have been many Federal district courts that have considered the applicability of this precise statute. And all but three of them, there have been more than 20 of them, and all but three of them have held that the statute is procedural. And I'm sorry, the statute is, well, the statute is procedural in a political and Federal court. And I point that out. I say that the reasoning of these courts is extensive. It's not one court rubber stamping another court's ruling. There's the landmark case dealing with the predecessor that has been cited many, many times, is from Judge Cobb of the Eastern District in Poindexter v. Bunsuken. And that's really considered the landmark case, and it involves a lengthy analysis of the way in which the Texas disclosure requirement, the expert report requirement, conflicts with the Federal rules. Judge Sparks of the Western District, in a very thorough opinion in Garza v. Scott in White Hospital, also engaged in his own independent analysis and included, and concluded that the Texas statute cannot apply. Judge Rosenthal, no relation, from Houston, independently wrote a lengthy opinion in a case called Estate v. C.A. v. Greer, again cited in our brief, which involves a similar statute involving or requiring the filing of a certificate of merit in architectural liability practices. And the judge, Judge Rosenthal decided to, that the, that statute too could not be applied in Federal court. And finally, in a decision that was issued by Judge Fish of the Northern District just three days after Judge Solis' decision that we're here about, called Bunch v. Mullabashing, Judge Fish again painstakingly reviewed all of the precedent, Supreme Court and otherwise, and determined that the Texas statute could not be applied in Federal court. Now the District Court relied on a, on an unpublished decision of this court called Chapman v. United States in dismissing, in finding the statute applicable. But that case involved other pleading, or other defects in addition to the failure of this pro se litigant to file a report. Suffice it to say the, the pro se litigant did not, or the court did not address any eerie concerns or choice of law concerns, but simply applied the statute, again in an unpublished opinion, which the District Court itself in this case, as well as all of the other District Courts that have considered Chapman, conceded was dicta. So that ruling should not have compelled the District Court to reach the ruling it did. Bailer claims that, or challenges whether an eerie analysis would even be applicable here. They admit in their brief they don't have any authorities to support that, but it's almost as if the assertion is being made that if it's not, because you're here on the, you're here under that related to bankruptcy jurisdiction, so you're not here under diversity. But it seems to me that to adopt that position, that you don't make an eerie analysis, would be that you just throw out the Federal rules of civil procedure and go by, I guess we'd use the Texas state court rules. I, if the court is expressing confusion about that argument, I share it. I will say that there, in our reply brief, we responded that there have been several cases that have said regardless of the basis of Federal jurisdiction, the Federal rules of civil procedure apply. So, and there's a case, In re Exxon Valdez from the Ninth Circuit, which is a bankruptcy case which says we apply state substantive law, but we apply Federal procedural rules. And I think that's the import of the cases that Baylor cites and the district court cites, the Raleigh case, and there's another case that they cite that says you're, the controlling substantive rule, the controlling substantive law in this case is supplied by the state. Well, there's no dispute about that. The question is what is the substantive law? And we say that it's certainly, the disclosure provision certainly is not a substantive rule of law. The district court also did not acknowledge the Pandora's box opened by its decision. As Judge Sparks noted in the Garza v. Scott and White case, and we quoted that, I violated a cardinal rule by block quoting his observation. The inquiry doesn't end with the filing of a report. The statute mandates that the trial court analyze the sufficiency of the report. It imposes requirements for what the report must contain and requires the production of a CV and then requires the district court to analyze it to make sure it's sufficient. And that spurs what we call below a cottage industry of litigation over whether these reports are sufficient. The scheduling conference in this, go over the dates with us. How many days lapse between the filing of the answer and the scheduling conference in this case? Approximately. I don't have that figure here. How many days after the action was filed was the scheduling order filed? It was shortly after it was filed, Your Honor, but there had been depositions taken before that. Before the scheduling order? Yes. All right. Well, you know what? I'll check my record and I don't want to misrepresent anything, so I will be sure to check the record. But suffice it to say in the scheduling order, the defendants didn't say to the magistrate judge, Your Honor, you need to include that they've got to file this medical report within 120 days. Yes. That's called lying behind the log, is that what it is, or sandbagging? That's what I called it in our brief. That's our second point, which is that there is a waiver and one district judge did accept that and said that by filing a status report, it is silent as to the need to file or disclose expert opinion, there's a waiver or there's an agreement of extending the dates. So yes, that's our secondary argument, but it also . . . Might even be called a good old gotcha argument. Well, that's clearly the purpose, and that's when you look at the context of this case, which involves . . . and discuss it because it's . . . Maybe it could be argued that when you do a scheduling order, you're supposed to be forthright and include the things that need to be accomplished, and by the fact that you don't even suggest this medical report's got to be filed within 120 days, maybe that's not complying with the overall theme of the Federal Rules of Civil Procedure. Well, that certainly would be our position, and we think that Rule 16 requires that you be up front and not, you know, and address all applicable deadlines in the . . . Do the parties have input into the scheduling order? In other words, is it a sit-down conference or how does that . . . Yes, I believe it's intended as a sit-down conference, you know, whether they actually sat down face-to-face or conferred by telephone or exchange of e-mails, I don't know, but all parties signed off on the scheduling order. I see my time is about to expire, so I will turn it over to you. Thank you, sir, for that rebuttal. Ms. Faust? May it please the Court? Ms. Faust, did you attend the scheduling conference? I did not, Your Honor. Who did? Or Baylor? I believe for Baylor, John Scully attended. Was he in your firm? Yes, sir. And by the fact that it's not included in the scheduling order, no mention was made then of the need for this be-all, do-all, end-all medical report required within 120 days? Well, Your Honor, I think that . . . No, well, just answer my question. I disagree, respectfully, Your Honor. The original complaint in this case, the plaintiffs indicated that they were fully aware of Chapter 74 and its requirements. They complied with the notice statute and gave notice under Chapter 74. Also not addressed in the scheduling order, Your Honor, would be anything that has to do with the statute of limitations, for example. Well, does the scheduling order concern exchange of expert reports? Not . . . it concerns exchange of Rule 26 expert reports, yes, Your Honor. And the scheduling order was entered in March, March 25th of 2014. When was the action filed? The action was filed December 27, 2013. The defendants filed their . . . Was the scheduling order more than 120 days after the action was filed? No, Your Honor. The 120th day was May 23, 2014. So the scheduling order was in place before the 120-day deadline expired. The defendants . . . I mean, there was no reason for the defendants to believe, after having received an original complaint . . . Well, aren't you supposed to be forthright with the Court about things that need to be exchanged? Well, Your Honor, we believe it's a substantive law. The statute . . . just like the statute of limitations, which is not required to be in the scheduling order . . . Well, you don't need to file an expert report on the statute of limitations, but you certainly, in a medical malpractice action, are going to have expert reports. Your Honor, you will have expert reports. So you'll have two different kinds in a medical malpractice action. You'll have your Rule 26 expert reports, and you'll have your Section 74-351 expert reports, and they are different. And that's where a lot of the cases have never really gone to discuss. They serve two different purposes. The Section 74-351 report is a report that goes to show whether the claim has merit. It is a report that cannot be used in any trial proceeding. It cannot even be referenced under the statute by a party. It cannot be used in a deposition. And it only has to address a single theory. Now, ma'am, I'm talking about the federal court exchange of experts. You're talking about what's required under this Texas statute. Yes, sir. But I'm asking you about the normal medical malpractice expert witness reports that are exchanged for depositions, et cetera, in federal court. Isn't there a time limit for that in this scheduling order? Yes, there is, Your Honor. When are the expert reports to be exchanged in the scheduling order? There was a provision for that, and it was, I believe, to be conducted in September or October of 2014. And so Baylor and the other lawyer, the lawyer for Baylor and the others, signed off on this scheduling report without saying to the magistrate judge, but now, wait a minute, they've also got another duty here to provide this Texas report. The scheduling report— In other words, they misled the magistrate judge, arguably. I respectfully disagree, Your Honor. Well, I would hope you would, but that's—you know, on the face of it, that's what it is, lying behind the log. Your Honor, everything that was required to be disclosed under Rule 26 is included in this— No, ma'am. If you wanted an expert report within 120 days, that should have been in the scheduling order, not going through this facade of we're going to exchange medical reports without reminding the magistrate judge. But before anything else can happen here, we've got to have this expert report required under Texas law. I think the Council needed to be a whole lot more forthright in this action. Otherwise, these scheduling conferences and scheduling orders are just a facade. Go ahead with your argument. Thank you, Your Honor. Section 74351 is Texas substantive and procedural rules that are bound up with the Texas Medical Liability Act that was enacted in 2003. And it does require, in the absence of a timely served expert report, that the claim be dismissed with prejudice. Now, the Texas Supreme Court has explained— This is an issue of substantive law, as far as you're concerned. Yes, Your Honor. And why did you, in your brief, argue that we don't even make that distinction under Erie, that we don't engage in an Erie analysis? We look at, in the bankruptcy court, it all pretty much shakes out the same. The cases aren't applying the Erie analysis. They're looking at, in the bankruptcy, in a related to bankruptcy proceeding, you apply the substantive law of the state and the federal rules of procedure. And that is in our brief. We cited to Raleigh, and we cited to the Butner case. So, in those cases, they're not applying the Erie diversity strict analysis that you will see in the diversity of jurisdiction cases. But they're looking to, what is the substantive law of the state? And what is—and then that has to be applied. The U.S. Supreme Court— How is that different from the Erie analysis? It pretty much shakes out the same, Your Honor. But why did you make this argument about you don't apply Erie and determine what's substantive and what's procedural? I don't see the difference. There may not be a difference, Your Honor. And if you apply the substantive law of Texas in looking at how the substantive law is applied, you're going to look at various principles. You're going to look at what is the state law that's determined by the statute in the highest court of the state. You're going to look at where the state rule reflects the substantive state policy that's not in conflict with the statute. And the policy here is to avoid meritless medical malpractice claims. That is correct, Your Honor. How does that differ from what a counsel impliedly concedes or states under Rule 11 of the Federal Rules of Civil Procedure, where it said this is based on a good-faith belief that this claim has merit? Your Honor, Rule 11 frivolous—the frivolous type pleading under Rule 11 is different than what has been referred to in Texas cases as a frivolous medical malpractice claim. Under Rule 11 standard, you're looking at a baseless pleading that is without support, in fact. It's wholly without merit. You can have a case that doesn't meet the Rule 11 standard to be wholly baseless on its face on the pleading, but it may not be substantiated by a qualified expert on a single liability theory. And then it would be frivolous in the context of Section 74351 and the way that the Texas Supreme Court has interpreted that statute. And that is what we need to look at when we're looking at what the substantive law is, is what is the law of the state? And the Texas Supreme Court says this is what we do to determine whether the case is meritorious or frivolous, and that's the term it has used. Let me ask you this. I mean, the expert disclosure rules under Rule 26 of the federal rules require, typically in the scheduling order, requires both sides to exchange medical reports. And why doesn't that also provide a means to weed out meritless claims if the plaintiff can't come up with a supporting expert, wouldn't that weed out his claim under the federal rules as well? It could, Your Honor, but the Texas substantive law looks to — you have to go back and look to interpreting Rule 26 by looking at not whether it leaves no room for the operation of 26, but to where the state and the federal rule can operate simultaneously. Here, the federal Rule 26 is — and typically in most cases is not going to — that report is never going to be even looked at until much later in the case. The substantive law of Texas says you have to have a report by a qualified expert that can never be used in the litigation as a Rule 26 report is. I think I saw some indication in your opponent's brief that said that's not entirely true that it can't ever be used. If the plaintiff refers to it, then can't the defendant then use it? The statute says it shall not be referenced in subsection K. Subsection T then says that if the plaintiff uses it for some reason, the defendant is not precluded from then going back to use it. Well, if he's relying on that expert report, it would be pretty hard for him not to refer to it, wouldn't it? The plaintiff. I'm sorry. I don't understand your question. Wouldn't the plaintiff ordinarily refer to the report of his own doctor? Well, typically in state practice, there is no way to know whether the 120-day report will be the report that's ultimately going to be used by a testifying expert. That's not the purpose of this report under the Texas substantive law. The Texas courts say it's got a unique and different purpose. The purpose for the expert report under Chapter 74 is to . . . It's separate and apart from procedural rules that apply to discovery or to typical expert reports. It's a substantive hurdle to ensure that the claim has merit, that there's a medical basis for the claim to exist. And to do that, we look at why the statute is there. We know that in 2003, when the legislature enacted this legislation, that 85 percent of the cases were going forward without indemnity being paid. The legislature decided and printed purpose and findings at Article 10.11 of House Bill 4 that shows that it wanted to make certain modifications to the Texas liability laws with an intent by the legislature not to make those modifications in any other area of law. Does Texas have an equivalent of Rule 11 in its Rules of Civil Procedure? It does, Your Honor. Rule 13. Well, apparently the Texas legislature just thought the Texas courts or Texas lawyers weren't enforcing its equivalent of Rule 11. Well, Your Honor, no, because . . . I think federal judges can enforce Rule 11. Absolutely, Your Honor, they can and do. But looking at the way that the term frivolous is used with respect to Rule 11 federal court pleadings and the expert report requirement whether a case is meritorious, those are different. They're not the same frivolous definition. A frivolous claim is a non-meritorious claim. That's the way the Texas Supreme Court has referred to it. What about the conflict between the mandatory dismissal requirement of the Texas rule and 37C, which gives a judge discretion to decide what sanctions should be imposed? The reason that those don't conflict, Your Honor, is because, again, you have to go back and look at the fact that this report is not going to be used by a Texas . . . The intent is it's not going to be used by a testifying expert. It only has to address a single liability theory, whereas the Rule 26 report has to address every opinion on every theory, or the expert then, under Rule 37, of any other theory would be excluded. That's the sanction. So the rules can operate . . . If the plaintiff under the Texas rule provides a report that's vague and not definitive and so forth, then there's a mandatory dismissal. But if that would happen in the federal court, then the judge would have discretion to say, Look, you've got to straighten this out. I'm going to give you some time to get a more definitive report. And if you don't, you know, sanctions are going to be imposed. It seems to me there's a vast difference in the two results for the failure to comply with the rules. The court would have the discretion under Rule 11 . . . I'm sorry, under Rule 37 . . . Right. . . . to fashion a sanction for failing to disclose all the opinions in a Rule 26 report. If the report was arguably inadequate or too vague or just not definitive enough. If it's not definitive enough, the court can, and there is a provision in the statute that would allow the court the discretion to give the time period for a cure, 30 days, to cure that report based on whatever the deficiency is. But he's got a limit of 30 days in the statute. Yes, it does, Your Honor. So, the court would have that discretion as well. If you recall, what did the scheduling order say about exchange of medical reports? Was there any conditions on it or specifications? I don't recall, and Your Honor . . . I'm sorry to interrupt. I don't recall that there's a specific about exchange of expert reports. I'm sure there is with respect to all of the requirements of Federal Rule 26. I see that my time is up, and my colleague has not been able to address the court with respect to the waiver argument. If the court has any questions. Thank you, Ms. Schwab. Thank you. Your Honor, I'm Kevin Oliver, appearing on behalf of Kimberly Morgan, and I'm going to address Judge Barksdale's question about what the scheduling order requires. The scheduling order specifically requires the party with the burden of proof to file a designation of experts that complied with Rule 26A2, and it required the defendants to also file their experts 30 days or so later that complied specifically with Federal Rule of Civil Procedure 26A2. When does the plaintiff have to file its medical reports? Is it in the scheduling order? Is there a date? There is a date for filing Rule 26 expert reports. What? What? No. I thought you read to me about medical reports. Well, these are expert reports. There is no differentiation. No. There's no selectivity. All right. When did the plaintiff's medical expert reports have to be filed? What's the date? 120 days from the date the suit was filed. So it was filed on December 29th, making the . . . Under that scheduling order, not under the Texas Rule. No. This scheduling order is silent about that, and let me address that point. I was one of the attorneys that was present in this conference. We conferred and discussed the matters that the court asked us for our input about. In other words, the court said we want your proposals about certain dates and certain deadlines, and we complied with that. In our state practice . . . Are you aware of this Texas statute requiring this 120-day medical report? Absolutely, Your Honor. I absolutely was. Why don't you mention it to the magistrate judge? We typically don't mention those things to the magistrate judge because they are established by substantive law and nearly have nothing to do with the schedule that the court establishes. Well, it's a medical report, isn't it? It is an expert report, but it is not an expert report regarding a testifying witness. It's a special category. It's a specific . . . it's a different animal. And if I may, Your Honor, the scheduling order also . . . Maybe if you had mentioned it to the magistrate judge, he would have said, well, then we're going to just suspend all discovery and all proceedings until that report is filed. Maybe that would have helped with scheduling, which is the whole point of this having these scheduling conferences and scheduling orders to try to make the litigation more efficient and economical and put some teeth into Rule 1 of the Federal Rules of Civil Procedure. Well, actually . . . It's a speedy, reasonable completion of litigation. Right, and having an open-ended deadline is inconsistent with that very goal. And so telling the magistrate judge, oh, Judge, we can't do anything . . . Why would you want to do any discovery, which I understand you did before the 120 days were up. Why would you want to do any discovery if they've got to file this medical report and once they file that, then your discovery can be more expeditious and economical? Well, we felt, Your Honor, that proceeding with discovery when we did . . . You know, for one thing, the timing of discovery, that is a procedural argument. And I would not have felt comfortable coming to the district court with my obligations under Rule 13. I would not have felt comfortable coming to the court and saying, wait, Judge, the Texas statute tells you, a federal district judge, how you have to manage the timing of discovery. I don't believe that's the way you would have put it. You would have simply said, Your Honor, in confecting this scheduling order, we need to consider the import of this requirement to file this medical report within 120 days. Now, how would you like for us to work that into this scheduling order, so that this is more economical and efficient? And, Your Honor, we don't do that in the state court cases? Well, I don't care . . . well, I do care what you do in the state court cases, but I don't believe that determines what you do in federal court. Well, and, Your Honor, as another example, there is also a deadline for adding new parties. There is also a statute of limitations in Texas substantive law that decides when you can add new parties. And we have a deadline for adding new parties that was decided without regard to the fact that the statute of limitations is a different date. So that's an example of the kind of substantive deadline that's established by law that, in practice, we just don't communicate to the courts because we never have to. And so it was not a matter of trying to hide this Chapter 74, because as counsel has indicated in the plaintiff's initial complaint, they said, we are bringing this action pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. And both defendants in our answers, we said, we invoke the provisions of Chapter 74 of the Texas Civil Practice and Remedies Code. So it was a surprise to no one except this Court when waiver is raised for the first time here on appeal. It was never submitted to the district court, and we believe it was improper. And it's not actually proper before this Court. My time is up. Thank you. All right. Thank you, Mr. Oliver and Mr. Rosenthal. Let me ask you this. The defendants did plead this in their answer, did they not? I know we invoked, we mentioned Chapter 74 in our complaint, and I believe they mentioned that in their answer. But that still begs the question of what portions of Chapter 74 are procedural and which are substantive. Let me ask you the same thing we asked the other side. Did you mention this in the scheduling conference? No, it wasn't mentioned at all. And, again, the understanding was, based on this plethora of authority, is that the disclosure requirements don't apply in Federal court. Maybe you ought to start mentioning that at scheduling conferences as well. Well, that practice would be advisable if this Court were to hold it is applicable in Federal court. But if it's not applicable as we contend, that would remove the issue entirely. Let me correct something I said before. I don't know whether the depositions were taken before the scheduling order or not, because I was depending on representations of counsel. The depositions aren't in the record. But I do know that there were three depositions taken before the motion to dismiss was filed. That's referenced in the pleadings on both sides. So the depositions discovery was taken before. But you didn't raise this point in district court. Yes, we did, Your Honor. And there's a citation in our reply brief. Wait. When they moved to dismiss under Rule 12b-6, did you say to the district judge, Your Honor, this doesn't apply because they've already begun discovery. They have waived their right to invoke statute 74 or whatever it's called. Sorry, Your Honor. There's a precise citation to the record of where we made that argument in our reply brief. And I'll grab it if I need to. There is a citation to the record where we actually did say that. What did you say to the judge? We said that their participation in litigation waived their right to invoke the statute. And that was in response to their motion to dismiss? It was, Your Honor. What we did not say explicitly was that by signing the joint status report or the joint proposal for scheduling order that they had waived it. But I think that could be reasonably implied by our comments that they had conducted discovery. Your Honor, I want to return to a point that goes to the applicability of the rule in federal court, of the Texas statute in federal court. As counsel for Morgan pointed out in Morgan's reply brief in response, the statute actually subjects district court rulings on the adequacy of expert disclosure to interlocutory appeal. And, again, it's a question of how far can the Texas legislature go in dictating procedures that can be applied in federal court. I think this court would be loath to entertain interlocutory appeal of such orders. And I don't know how that could be divided principally from the actual statute that they're relying on here. And, finally, I want to note the irony of this case. There were questions about when expert reports were provided. And, in fact, on December 15, 2014, was when the plaintiffs, pursuant to the scheduling order and timely under the scheduling order, designated witnesses and produced reports, extensive reports, and depositions were taken. And that just proves that the purpose of the statute is not fulfilled by the termination of this case based on litigation that occurred before that time. So we respectfully pray that the judgment be reversed and the case be remanded for consideration on the merits. Okay. Thank you very much. And thank you, counsel. We have your argument. And that finishes the docket for the day and for the week. And we'll be in recess pending further order of the court.